1

2                              UNITED STATES DISTRICT COURT

3                           NORTHERN DISTRICT OF CALIFORNIA

4

5       OSSIE GILES,                              Case No.  15-cv-04838-YGR (PR)

6                       Plaintiff,
                                                 **ORDER SERVING COGNIZABLE**
7              v.                                 **EIGHTH AMENDMENT CLAIM; AND**
                                                 **DISMISSING REMAINING CLAIMS**
8       D. REYES, et al.,

9                       Defendants.

10      **I.    INTRODUCTION**

11              Plaintiff Ossie Giles, a state prisoner currently incarcerated at San Quentin State Prison

12      ("SQSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff, who claims

13      he suffers from severe back pain which eventually led to emergency back surgery, alleges that

14      Defendants failed to give him treatment for his back pain while he was housed at California State

15      Prison - Solano ("CSP-Solano") from 2006 until the date he was transferred to SQSP on

16      December 8, 2009.  Dkt. 1 at 3-4.[1]  Plaintiff also alleges that Defendants at SQSP continued to

17      deny him treatment for his back pain after he was transferred there.  *Id.* at 4-7.  In April of 2014,

18      Plaintiff claims he could no longer walk, and he had to undergo emergency back surgery on May

19      20, 2014.  *Id.* at 8-9.  Plaintiff seeks monetary damages.

20              His motion for leave to proceed *in forma pauperis* will be granted in a separate written

21      Order.

22              Venue is proper because some of the events giving rise to the claim are alleged to have

        occurred at SQSP, which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).
23
                In his complaint, Plaintiff names the following Defendants at SQSP: Doctors D. Reyes
24
        and J. Espinoza; and Chief Medical Officer E. Tootell.  He also names the following Defendants at
25
        CSP-Solano: Doctors B. Naki, T. Tran and Yuen Chen.
26

27      _____

28              [1] Page number citations refer to those assigned by the Court's electronic case management
        filing system and not those assigned by Plaintiff.

II.   **DISCUSSION**

   A.   **Standard of Review**

   A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

   B.   **Legal Claims**

      1.   **Claims Against Defendants at CSP-Solano**

   Plaintiff complains of various problems during his incarceration at CSP-Solano, which is where he was housed prior to his transfer to SQSP on December 8, 2009. Dkt. 1 at 3-4. Because CSP-Solano is located within the venue of the Eastern District of California, these claims against Defendants Naki, Tran and Chen are DISMISSED without prejudice to Plaintiff refiling them in a new civil rights action in the United States District Court for the Eastern District of California. *See In re Hall*, 939 F.2d 802, 804 (9th Cir. 1991) (dismissal on venue grounds without prejudice).

      2.   **Remaining Eighth Amendment Claim Against Defendants at SQSP**

   Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical

United States District Court
Northern District of California

1   need exists if the failure to treat a prisoner's condition could result in further significant injury or

2   the "[u]nnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104).  A prison

3   official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of

4   serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v.*

5   *Brennan*, 511 U.S. 825, 837 (1994).

6          Plaintiff alleges that he suffers from serious medical needs, specifically his severe back

7   pain. Dkt. 1 at 3-8.  Plaintiff claims that Defendants Reyes, Espinoza and Tootell were

8   deliberately indifferent to his serious medical needs for failing to provide him treatment for his

9   back pain from the time he was transferred to SQSP on December 8, 2009 until he had to receive

10  emergency back surgery on May 20, 2014.  *Id.* at 5-8.  Liberally construed, Plaintiff's allegations

11  relating to the aforementioned actions state a cognizable claim for deliberate indifference to his

12  serious medical needs against Defendants Reyes, Espinoza and Tootell.

**III.    CONCLUSION**

14         For the foregoing reasons, the Court orders as follows:

15         1.     Plaintiff's claims relating to all problems during his incarceration at CSP-Solano

16  against Defendants Naki, Tran and Chen are DISMISSED WITHOUT PREJUDICE to Plaintiff

17  refiling them in a new civil rights action in the United States District Court for the Eastern District

18  of California.

19         2.     Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to

20  serious medical needs against Defendants Reyes, Espinoza and Tootell.

21         3.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

22  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint

23  and all attachments thereto (dkt. 1) and a copy of this Order to the following Defendants at SQSP:

24  **Doctors D. Reyes and J. Espinoza; and Chief Medical Officer E. Tootell.**  The Clerk shall also

25  mail a copy of the complaint and a copy of this Order to State Attorney General's Office in San

26  Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

27         4.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

28  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on

2    behalf of Plaintiff, to waive service of the summons, fail to do so, Defendants will be required to

3    bear the cost of such service unless good cause be shown for the failure to sign and return the

4    waiver form.  If service is waived, this action will proceed as if Defendants had been served on the

5    date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be

6    required to serve and file an answer before **sixty (60) days** from the date on which the request for

7    waiver was sent.  (This allows a longer time to respond than would be required if formal service of

8    summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the

9    waiver form that more completely describes the duties of the parties with regard to waiver of

10   service of the summons.  If service is waived after the date provided in the Notice but before

11   Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on

12   which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed,

13   whichever is later.

14         5.      Defendants shall answer the complaint in accordance with the Federal Rules of

15   Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

16             a.      No later than **sixty (60) days** from the date their answer is due, Defendants

17   shall file a motion for summary judgment or other dispositive motion.  The motion must be

18   supported by adequate factual documentation, must conform in all respects to Federal Rule of

19   Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

20   the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[2] notice

21   so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to

22   oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out

23   in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss

24   for failure to exhaust available administrative remedies must be accompanied by a similar notice.

25   However, the Court notes that under the new law of the circuit, in the rare event that a failure to

26   exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule

27

28         _____
              [2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1   12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.

2   *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108,

3   1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under

4   the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an

5   unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is not clear on the face of the

6   complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary

7   judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable to

8   Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56.

9   *Id.*  But if material facts are disputed, summary judgment should be denied and the district judge

10  rather than a jury should determine the facts in a preliminary proceeding.  *Id.* at 1168.

11          If Defendants are of the opinion that this case cannot be resolved by summary judgment,

12  Defendants shall so inform the Court prior to the date the summary judgment motion is due.  All

13  papers filed with the Court shall be promptly served on Plaintiff.

14          b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court

15  and served on Defendants no later than **twenty-eight (28) days** after the date on which

16  Defendants' motion is filed.

17          c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of

18  the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you

19  must do in order to oppose a motion for summary judgment.  Generally, summary judgment must

20  be granted when there is no genuine issue of material fact—that is, if there is no real dispute about

21  any fact that would affect the result of your case, the party who asked for summary judgment is

22  entitled to judgment as a matter of law, which will end your case.  When a party you are suing

23  makes a motion for summary judgment that is properly supported by declarations (or other sworn

24  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

25  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

26  as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and

27  documents and show that there is a genuine issue of material fact for trial.  If you do not submit

28  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

United States District Court
Northern District of California

1    If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154

2    F.3d at 962-63.

3         Plaintiff also is advised that—in the rare event that Defendants argue that the failure to

4    exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available

5    administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without

6    prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did

7    exhaust your available administrative remedies before coming to federal court.  Such evidence

8    may include: (1) declarations, which are statements signed under penalty of perjury by you or

9    others who have personal knowledge of relevant matters; (2) authenticated documents—

10   documents accompanied by a declaration showing where they came from and why they are

11   authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements

12   in your complaint insofar as they were made under penalty of perjury and they show that you have

13   personal knowledge of the matters state therein.  As mentioned above, in considering a motion to

14   dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment

15   motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed

16   issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

17        (The notices above do not excuse Defendants' obligation to serve similar notices again

18   concurrently with motions to dismiss for failure to exhaust available administrative remedies and

19   motions for summary judgment.  *Woods*, 684 F.3d at 935.)

20        d.   Defendants shall file a reply brief no later than **fourteen (14) days** after the

21   date Plaintiff's opposition is filed.

22        e.   The motion shall be deemed submitted as of the date the reply brief is due.

23   No hearing will be held on the motion unless the Court so orders at a later date.

24   6.   Discovery may be taken in this action in accordance with the Federal Rules of Civil

25   Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to

26   depose Plaintiff and any other necessary witnesses confined in prison.

27   7.   All communications by Plaintiff with the Court must be served on Defendants or

28   Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to

them.

8.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

9.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: March 28, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge