UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSSIE GILES,<br><br>        Plaintiff,<br><br>    v.<br><br>D. REYES, et al.,<br><br>        Defendants. | Case No. 15-cv-04838-YGR (PR)<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO AMEND DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANTS ESPINOZA AND TOOTELL; DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; AND DIRECTING CLERK TO PROVIDE PLAINTIFF WITH SUBPOENA DUCES TECUM FORM** |

## INTRODUCTION

Plaintiff Ossie Giles, a state prisoner currently incarcerated at San Quentin State Prison ("SQSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, who suffers from severe back pain, alleged that Defendants Doctors D. Reyes and J. Espinoza and Chief Medical Officer E. Tootell failed to give him treatment for his back pain. Dkt. 1 at 4-7. In April of 2014, Plaintiff alleged he could no longer walk, and he had to undergo emergency back surgery on May 20, 2014. *Id.* at 8-9. Plaintiff seeks monetary damages.

In an Order of Service dated March 28, 2016, the Court found that, liberally construed, the complaint stated cognizable claims of deliberate indifference to serious medical needs against Defendants Reyes, Espinoza and Tootell. Dkt. 8. The Court ordered service of the complaint and directed the aforementioned Defendants to respond.

On July 21, 2016, Defendants filed their answer to the complaint. Dkt. 18.

On August 11, 2016,[1] Plaintiff filed a document entitled, "Motion for Amended Complaint," which the Court construes as a motion for leave to amend the complaint as to the

---

[1] As a *pro se* prisoner, Plaintiff receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003); *see also Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (recognizing that the mailbox rule applies to the filing of a federal civil rights complaint). The Court will assume Plaintiff gave his "Motion for Amended Complaint" to prison officials for mailing on the date he signed it, i.e., August 11, 2016, and deems that document filed as of that date.

1    deliberate indifference claim against Defendants Espinoza and Tootell. Dkt. 21.

2    On August 30, 2016, Defendants Espinoza and Tootell filed their "Answer to the Amended
3    Complaint." Dkt. 22.

4    On September 27, 2016, the Court granted Defendants an extension of time to file their
5    motion for summary judgment. Dkt. 24. The Court directed Defendants to file their motion for
6    summary judgment no later than January 13, 2017. *See id.*

7    Also before the Court are Plaintiff's other pending requests, including his requests for
8    appointment of counsel (dkt. 19), and for a Court order to serve a subpoenas duces tecum on a
9    non-party (dkt. 26).

10   For the reasons discussed below, the Court orders as follows: (1) Plaintiff's motion for
11   leave to amend his claim against Defendants Espinoza and Tootell is GRANTED; (2) his motion
12   for appointment of counsel is DENIED; and (3) his request for a Court order to serve a subpoenas
13   duces tecum on a non-party is DENIED as premature.

## DISCUSSION

### I.  MOTION FOR LEAVE TO AMEND

A plaintiff may amend the complaint "once as a matter of course within [] 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). But, if the complaint requires a responsive pleading, a plaintiff may amend the complaint "21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). In all other cases, a plaintiff must obtain the defendant's consent or leave of Court to amend a complaint. Fed. R. Civ. P. 15(a)(2). Here, the record shows that Plaintiff filed his motion for leave to amend his deliberate indifference claim against Defendants Espinoza and Tootell within 21 days after Defendants' answer was filed. Even if it was filed past the 21-day period, it does not appear that Defendants would be prejudiced by allowing Plaintiff to amend his claim against Defendants Espinoza and Tootell. Thus, the Court GRANTS Plaintiff leave to amend his claim against Defendants Espinoza and Tootell. *See id.* ("The court should freely give leave [to amend] when justice so requires."). The Court notes that the operative complaint is still the original complaint filed in this action. Dkt. 1. However, the Court now reviews Plaintiff's motion for

1  leave to amend his claim against Defendants Espinoza and Tootell below.

2  In his motion for leave to amend his claim against Defendants Espinoza and Tootell, Plaintiff alleges that these Defendants continue to fail to provide him with adequate treatment for his back pain. Dkt. 21 at 3. Specifically, Plaintiff claims that he was granted a consultation with a specialist named Dr. Wadhwa on October 29, 2015. *Id.* Plaintiff claims that Dr. Wadhwa had "a plan to possibly alleviate this daily pain and suffering [Plaintiff] endure[d]." *Id.* However, Defendants Espinoza and Tootell are "circumventing and delaying [Plaintiff's] request to move forward with Dr. Wadhwa's plan." *Id.* The Court liberally construes these allegations as a claim that Defendants Espinoza and Tootell further participated in the alleged Eighth Amendment violation; therefore, it finds that the proposed amended claim states a cognizable deliberate indifference claim against these Defendants. Because the proposed amended claim properly states a cognizable deliberate indifference claim against Defendants Espinoza and Tootell, Plaintiff's motion for leave to amend his claim against these Defendants is GRANTED. Dkt. 21.

**II.   MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff has filed a motion for appointment of counsel to represent him in this action. Dkt. 19. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id.*

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are

at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately *pro se* in light of the complexity of the issues involved. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, the request for appointment of counsel is DENIED without prejudice. This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings; that is, after Defendants have filed their dispositive motion such that the Court will be in a better position to consider the procedural and substantive matters at issue. Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed. If the Court decides that appointment of counsel is warranted at that time, it will seek volunteer counsel to agree to represent Plaintiff pro bono.

**III.   REQUEST FOR A COURT ORDER TO SERVE A SUBPOENAS DUCES TECUM**

Finally, Plaintiff moves for a Court order to serve a subpoenas duces tecum on a non-party. Dkt. 26. The Court cannot compel non-parties to provide Plaintiff with information. However, Plaintiff may compel a person who is not a party to this action to produce documents for inspection and copying pursuant to a subpoena duces tecum. *See* Fed. R. Civ. P. 34(c), 45(a). In order to do so, Plaintiff must fill out the subpoena forms provided by the Clerk of the Court and must ensure that each person is served with the subpoena by a non-party. Plaintiff must tender to each person "the fees for one day's attendance and the mileage allowed by law." Fed R. Civ. P. 45(b)(1). The current requisite fee for each person is forty dollars per day, *see* 28 U.S.C. § 1821(b), and cannot be waived for a Plaintiff proceeding *in forma pauperis*. *See Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). These requirements do not apply to a request for production of documents from one party on any other party. *See* Fed. R. Civ. P. 34(a). Accordingly, at this time, Plaintiff's request is DENIED as premature. Dkt. 26. The Court will consider ordering the United States Marshal to serve a subpoena duces tecum on a non-party if Plaintiff submits to the Court a completed subpoena form and the requisite fee. The form must describe the items to be produced with reasonable particularity and designate a reasonable time, place and manner for their production. *See* Fed. R. Civ. P. 34(b). The Clerk is instructed to send Plaintiff a blank subpoena form along with Plaintiff's copy of this Order.

4

# CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's "Motion for Amended Complaint," which has been construed as his motion for leave to amend his deliberate indifference claim against Defendants Espinoza and Tootell, is GRANTED. Dkt. 21. The Court liberally construes Plaintiff's new allegations as a claim that Defendants Espinoza and Tootell further participated in the alleged Eighth Amendment violation; therefore, it finds that the proposed amended claim states a cognizable deliberate indifference claim against these Defendants. Defendants Espinoza and Tootell shall file a motion for summary judgment or other dispositive motion with respect to the aforementioned cognizable claim. The parties shall follow the same briefing schedule already in place pursuant to the filing of dispositive motions in this matter as stated in the Court's September 27, 2016 Order.

2. Plaintiff's motion for appointment of counsel is DENIED without prejudice. Dkt. 19.

3. Plaintiff request for a Court order to serve a subpoenas duces tecum on a non-party is DENIED as premature. Dkt. 26. The Clerk is instructed to send Plaintiff a blank subpoena form along with Plaintiff's copy of this Order.

4. This Order terminates Docket. Nos. 19, 21 and 26.

IT IS SO ORDERED.

Dated: October 20, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge